STATE OFFICERS AND EMPLOYEES There is no apparent legal reason why an attorney may not serve as a member of the Oklahoma Alcoholic Beverage Control Board. Further, representation of clients and acceptance of employment from them must be conditioned upon full compliance with the express provisions of the Oklahoma Alcoholic Beverage Control Act of Ethics for State Officials and Employees. The Attorney General has considered your request for an opinion dated December 29, 1977, wherein you advise that you have been appointed a member of the Oklahoma Alcoholic Beverage Control Board of the State of Oklahoma and that there has been some concern expressed to you with reference to your status as a practicing attorney and the effect of such status upon your qualifications to serve as a member of the aforementioned Board. You specifically propound the following question: "As a Board Member of the Alcoholic Beverage Control Board of the State of Oklahoma, and in accordance with 74 O.S. 1407 [74-1407], please furnish me with a written opinion as to whether or not there are any statutory or constitutional prohibitions against an attorney who is engaged in the general practice of law in the State of Oklahoma from serving on this Board." ArticleXXVII, Section 1 of the Oklahoma Constitution, provides as follows: "There is hereby created the Oklahoma Alcoholic Beverage Control Board, the members of which shall be appointed by the Governor, with the advice and consent of the State Senate. The Board shall appoint a Director, with the advice and consent of the State Senate, whose duties shall be defined by the Legislature. "The Board shall have such power and authority to enforce said rules and regulations as may be prescribed by the Legislature. "The Board shall consist of five (5) members, and no two (2) members shall be appointed from any one Congressional District and no more than four (4) members of the Board shall belong to the same political party." Further qualifications for members of the Oklahoma Alcoholic Beverage Control Board are delineated in 37 O.S. 507 [37-507](c) (1971) provides as follows: "Members of the Board shall have been residents of this State for not less than ten (10) years continuously next preceding the date of their appointment and qualification, and shall be persons of outstanding character, experienced, efficient and successful in business affairs, and of good reputation in their communities; they shall execute the loyalty oath required by law for elected State officials before assuming the duties of their office. No person shall be appointed who has been convicted of or shall have pleaded guilty to a felony, or of any violation of any Federal or State law concerning the manufacture or sale of alcoholic beverage or cereal malt beverages prior or subsequent to the passage of this Act, or who has paid a fine or penalty in settlement in any prosecution against him in any violation of such laws, or who shall have forfeited his bond to appear in court to answer charges for any such violation. No such appointee may be entitled to serve if he or any person related to him in the third degree by consanguinity or affinity is an officer, director, employee, or stockholder in any corporation or partnership which has as its business the manufacture, sale or distribution of alcoholic beverage. Said Board members shall not own, mortgage or lease any retail or wholesale store or warehouse as provided in the alcoholic beverage control laws of this State. None of the provisions of this Act shall prevent any member of the Board from purchasing and keeping in his possession for the use of himself or members of his family or any guests any alcoholic beverage which may be purchased or kept by any person by virtue of this Act." Further, in 37 O.S. 507 [37-507](g), the following is found: "In addition to the qualifications prescribed by Section 11 hereof, no person shall be eligible for appointment as a member of the Board who is not a citizen of the United States or who has not been a continuous resident of the State of Oklahoma for at least ten (10) years next preceding his appointment, or who, at the time of his appointment, is not a qualified elector of the State." Title 37 O.S. 511 [37-511] (1971), provides in part that: "(a) No member of the Board . . . shall be appointed or serve who has been convicted of a felony or of any violation of any federal or state law relating to alcoholic beverages. No member of the Board . . . shall directly or indirectly, individually or as a member of a partnership, or as a shareholder of a corporation, have any interest whatsoever in the manufacture, sale or distribution of alcoholic beverages, nor receive any compensation or profit therefrom, nor have any interest, directly or indirectly, in any business authorized by a license issued under this Act . . . No member of the Board . . . shall solicit or accept any gift, gratuity, emolument, or employment from any person subject to the provisions of this Act, or from any officer, agent or employee thereof, nor solicit, request from or recommend, directly or indirectly, to any such person or to any officer, agent or employee thereof, the appointment of any person to any place or position, and every such person, and every officer, agent or employee thereof, is hereby forbidden to offer to any member of the Board . . . any gift, gratuity, emolument or employment. No member of the Board . . . shall accept employment within the liquor industry for any licensee under this Act, or represent, directly or indirectly, any such licensee in any proceedings before the Director or the Board within two (2) years following his separation from the Board. . . ." (Emphasis added) Subsections (b), (c) and (d) further outline other prohibited acts. The language emphasized above concerning the representation of any licensee in proceedings before the Board would indicate that the Legislature contemplated attorneys being members of the Oklahoma Alcoholic Beverage Control Board. There is apparently no prohibition in the Oklahoma Alcoholic Beverage Control Act, nor in the Oklahoma Constitution, relating thereto which, other than those provisions outlined above, prohibits or affect attorneys from serving as members of the Oklahoma Alcoholic Beverage Control Board. The Code of Ethics for State Officials and Employees is codified as 74 O.S. 1401 [74-1401] through 74 O.S. 1416 [74-1416] (1971). 74 O.S. 1402 [74-1402] sets forth the policy behind the Act and reads as follows: "It is hereby declared to be the policy of the State of Oklahoma that no officer or employee or member of the executive, judicial or legislative branch of state government shall have any interest, financial or otherwise, or engage in any business or transaction of any nature which is in substantial conflict with proper discharge of his public duties or with the public interest. To protect the public from improper use of authority and to protect public officials from unwarranted assaults on their integrity, the following code of ethics for state government is hereby adopted." 74 O.S. 1403 [74-1403](b) reads as follows: " 'State employee' means an elected or appointed officer or employee of the executive, judicial, or legislative branch of government except state legislators;" It is apparent that this definition would include a duly appointed member of the Oklahoma Alcoholic Beverage Control Board, with which we are herein concerned. 74 O.S. 1404 [74-1404] sets out those acts which are prohibited by State employees, and reads in pertinent part as follows: "No State employee shall: ". . . "(f) Accept other employment which would impair his efficiency or independence of judgment in the performance of his public duties." As the above cited would apply both to you and all other State employees, it would appear that, so long as you are a member of the Oklahoma Alcoholic Beverage Control Board, you must address your representation of clients on a case-by-case basis with consideration of not only the Code of Ethics for State Officials and Employees but the express language of the statutory provisions contained in the Oklahoma Alcoholic Beverage Control Act. It is, therefore, the opinion of the Attorney General that your question be answered as follows. There is no apparent legal reason why an attorney may not serve as a member of the Oklahoma Alcoholic Beverage Control Board. Further, representation of clients and acceptance of employment from them must be conditioned upon full compliance with the express provisions of the Oklahoma Alcoholic Beverage Control Act and the Code of Ethics for State Officials and Employees. (KENNETH L. DELASHAW, JR.)